IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL J. ALLMAN and MICHAEL ALLMAN,

    Plaintiffs,

v.                                      Civil Action No. 5:08CV155
                                                                             (STAMP)
CHANCELLOR HEALTH PARTNERS, INC.
and WEIRTON HEALTH PARTNERS, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND**

I. <u>Background</u>

Plaintiff Carol Allman and her husband, plaintiff Michael Allman, filed suit in the Circuit Court of Brooke County, West Virginia, against defendants Chancellor Health Partners, Inc. and Weirton Health Partners, Inc. Carol Allman is a registered nurse who worked for the defendants at their assisted living facility in Weirton, West Virginia from on or about June 1, 2007 until on or about April 2, 2008, when she was terminated from her position. In the complaint, Carol Allman alleges retaliatory discharge, detrimental reliance, defamation, and intentional infliction of emotional distress/tort of outrage, and Michael Allman alleges loss of his wife's consortium. The defendants removed the action to this Court on the basis of diversity jurisdiction. The plaintiffs filed a motion to remand, to which the defendants responded in opposition. The defendants also filed a supplemental notice of removal, to which the plaintiffs filed no response or objection.

The plaintiffs also filed no reply to the defendants' response regarding the plaintiffs' motion to remand.

At this stage of the proceedings, the parties do not dispute that complete diversity of citizenship exists between the parties. Thus, the only disputed issue relating to the motion to remand is whether the amount in controversy exceeds $75,000.00, exclusive of interests and costs. As discussed below, this Court concludes that the amount in controversy meets the jurisdictional threshold. Consequently, the plaintiffs' motion to remand must be denied.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, rests with the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. This burden of proof requires the defendant

to produce evidence that establishes that the actual amount in controversy exceeds $75,000.00.  See DeAquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  See Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

Although courts strictly construe the statute granting removal jurisdiction, see Doe v. Allied Signal, Inc., 95 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy.  Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994).  When no specific amount of damages is set forth in the complaint, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed.  See Chase v. Shop 'N Save, 110 F.3d 424, 428 (7th Cir 1997).

### III. Discussion

The plaintiffs argue that the amount of damages they seek is purely speculative at this juncture, especially because Carol Allman has a duty to mitigate her economic losses, which could mean

3

that the economic damages are nominal. Therefore, the plaintiffs contend, the jurisdictional amount in controversy has not been established.

By contrast, the defendants contend that potential damages arising out of the plaintiffs' claim for retaliatory discharge alone exceeds the jurisdictional minimum. In addition to the compensatory damages for lost wages and benefits sought by Carol Allman for her retaliatory discharge claim, this Court must also consider the other damages which the plaintiffs may recover if they prevail on their other claims, including any punitive damages which may be awarded. For these reasons, the defendants argue, they have established the jurisdictional minimum.

This Court finds that the defendants have shown by a preponderance of evidence that the amount in controversy meets the jurisdictional requirements. "The starting point for ascertaining the amount in controversy when the petition for removal was filed is . . . the complaint itself." Sayre v. Potts, 32 F. Supp. 2d 881, 887 (S.D. W. Va. 1999). Courts must also consider punitive damages, where available under the cause or causes of action brought, when determining the jurisdictional amount. Mullins v. Harry's Mobile Homes, Inc., 861 F.Supp. 22, 24 (S.D. W. Va. 1994). Here, although the plaintiffs have not requested a specific amount of damages in their complaint, based on the allegations therein, the plaintiffs appear at the very least to be seeking past and

4

future lost wages, loss of benefits, and damages for emotional distress.

With an annual salary level of approximately $61,000.00, the opportunity to earn $4,000.00 in annual bonuses, and annual benefits valued at approximately $14,750.00, the amount of plaintiffs' claim for lost wages and benefits alone exceeds $75,000.00. (See Conley Aff.) Additionally, any damages necessary to remedy the emotional distress allegedly suffered by Carol Allman and the loss of consortium allegedly suffered by Michael Allman will certainly raise the amount in controversy above the requisite threshold. Therefore, the defendants have demonstrated by a preponderance of the evidence that the plaintiffs' claim is greater than $75,000.00, exclusive of interests and costs.

## IV. Conclusion

For the reasons stated above, this Court concludes that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Accordingly, the plaintiffs' motion to remand is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      March 2, 2009

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE